UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| EUGENE BOWERS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:04cv0594 AS |
| | ) | |
| CECIL K. DAVIS, | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about September 13, 2004, *pro se* petitioner, Eugene Bowers, an inmate at the Indiana State Prison (ISP) in Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on April 29, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on June 9, 2005, which this Court has carefully examined and is in good legal form.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the ISP in this district. He was the subject of a prison disciplinary proceeding. The sanction included a credit class demotion from class I to class II which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). The sanction also included disciplinary segregation for six months which does not implicate *Wolff*. *See Sandin v. Conner*, 515 U.S. 472 (1995). The Conduct Adjustment Board (CAB) proceedings were had in and around June 2004, and were designated as ISP 04-06-0068. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985),

and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

Once again we have an allegation regarding the denial of physical evidence which is without merit. We also have an issue with regard to reviewing a videotape which is not new and an argument that the ADP rules were violated which basically is a state law issue under *Estelle v. McGuire*, 502 U.S. 62 (1991). It must be noted that this proceeding is not under 42 U.S.C. §1983. There are significant differences between the petitions filed under 28 U.S.C. §2254 and those filed under 42 U.S.C. §1983. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973), and *Allen v. Duckworth*, 6 F.3d 458 (7th Cir. 1993), *cert. den.*, 114 S.Ct. 1106 (1994). The videotape was in fact reviewed by the CAB. With regard to the issues under ADP, *see Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997).

There is no basis here under *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984) to require the recusal of members of this CAB. The petitioner advances a rather straightforward *Wolff* argument in his most recent filing on June 9, 2005, but when the totality of this record is examined, it remains for this petitioner to make a *Wolff* argument stick, and he simply has not done so.

Therefore, the petition for relief under 28 U.S.C. §2254 is **DENIED. IT IS SO ORDERED**.

DATED: June 15, 2005

                                                  S/ ALLEN SHARP
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**